Criminal Case Template








COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



CALVIN RAY BURTCHELL,

                            Appellant,

v.

THE STATE OF TEXAS,

                            Appellee.

§

§

§

§

§

No. 08-03-00402-CR

Appeal from the

385th District Court

of Midland County, Texas

(TC# CR28453)




O P I N I O N

           This is an appeal from a jury conviction for the offense of unlawfully carrying a
firearm. The court assessed punishment at five years’ community supervision. We affirm
the judgment of the trial court.
I. SUMMARY OF THE EVIDENCE
           The testimony at trial revealed that on April 5, 2003, James Edward Gee was at the
Town and Country Convenience Store on the Garden City Highway in Midland, Texas. 
As he was filling his vehicle with gasoline, he saw Appellant at the gas pumps. He
appeared to be agitated because he had spilled fuel on himself. Appellant took off his
coat and Gee saw a pistol tucked into the back waist of Appellant’s pants. Appellant put
his coat back on and he walked into the store. Gee flagged down a police officer and
related what he had seen.
           Lorenzo Dominguez, Jr., a police officer with the City of Midland, testified that
Gee hailed him and related what he had seen. He and another officer took Appellant into
custody in the bathroom of the convenience store. A nine-millimeter pistol was taken
from his waistband. Appellant possessed a card that permitted him to carry a concealed
weapon in Arizona; however, it was expired. Appellant was arrested for unlawfully
carrying a weapon on a premises licensed to sell alcohol.
           Billy Jack Sellars testified that he was a jailer at the Midland County Jail. On
April 5, 2003, he booked Appellant into the jail. He performed a search for weapons and
contraband on Appellant’s person. As Appellant was about to take off his boots, he told
Sellars that he had “some stuff” in his boot. Appellant took off his boots and socks and
took out from his sock a bag with a white powdery substance and a small straw in it. 
Appellant stated that it was “meth.” A subsequent analysis revealed that the substance
was methamphetamine.
           George Louis Nesrsta, Jr., testified that he was the regional director of operations
for Town and Country Food Stores. He testified that the Garden City Highway Town and
Country Store was licensed to sell alcoholic beverages. The witness stated that a sign
stating that the unlicensed possession of a weapon on the premises is a felony was posted
on the front of the store.
           Appellant testified in his own defense. He stated that on the day of the occurrence,
he was traveling from Waco, Texas to Sierra Vista, Arizona in an El Camino truck he had
bought from his father. The El Camino broke down and he continued his trip on the
Harley-Davidson motorcycle he was carrying in the back of the truck. He had stopped at
the Town and Country Convenience Store to get gasoline for the motorcycle. Appellant
testified that he was carrying the pistol for his own safety and he did not know that the
Arizona permit had expired. He did not know he could not take a pistol into the store and
he denied that he saw the sign in the front of the store forbidding such an act.
           Appellant stated that when he got to the booking area of the jail, there were two
suspects before him. As he was taking off his socks, he saw a bag on the floor and he
picked it up and gave it to the jailer, Sellars. He asked Appellant what it was and
Appellant stated, “It could be sugar. It could be gold fast.” When asked what “gold fast”
was, Appellant stated, “meth.” Appellant testified that he answered that way because he
did not actually know what was in the bag.
           During cross-examination, Appellant admitted that the concealed weapons permit
stated on its face that it was only valid in Arizona although he thought he could carry the
weapon in another state while traveling.
 

II. DISCUSSION
           In Issue No. Two, Appellant asserts that due to a mistake of fact, he did not
possess the requisite mens rea to establish criminal culpability.


 Specifically, Appellant
maintains that as he testified that he was traveling and he was not aware that his Arizona
permit to carry a concealed weapon had expired, he believed he could carry the handgun
with impunity; therefore, he did not have the requisite intent to commit the charged
offense.
           The jury was not charged on the defense of mistake of fact and Appellant did not
request an instruction on that defense. Initially, we note that Appellant was not entitled to
an instruction on the defense of mistake of fact. The application paragraph of the charge
to the jury read, in pertinent part:
[D]id then and there intentionally, knowingly or recklessly carry on or about
his person a handgun, while on certain premises licensed or issued a permit
by the State of Texas for the sale or service of alcoholic beverages, to-wit:
Town-n-Country, 3115 Garden City Highway, in said county and State, you
will find the defendant guilty of the offense of UNLAWFUL CARRYING
A WEAPON ON LICENSED PREMISES as alleged in the indictment. . . .

           To be entitled to a mistake of fact defense, the evidence must raise an issue as to
whether the defendant mistakenly formed a reasonable belief about a matter of fact that
would negate the kind of culpability required for the commission of the offense. Tex.
Penal Code Ann. § 8.02 (Vernon 2003). The statutory term “kind of culpability” means
“culpable mental state.” Posey v. State, 966 S.W.2d 57, 70 (Tex.Crim.App. 1998). “The
defense arises, then, when there is evidence that a defendant’s mistaken, reasonable belief
about a matter of fact negated the element of the culpable mental state required for the
offense.” Id.
           Where the alleged mistaken fact is a matter that is readily discernable by a simple
empirical method of investigation that is universally accepted, a mistake of fact defense is
not raised by the accused’s failure to properly utilize that method. King v. State, 919
S.W.2d 819, 821 (Tex.App.--El Paso 1996, no pet.). Here, Appellant could readily have 
examined his expired carry permit and discerned that it was operative only in Arizona. 
Accordingly, he was not entitled to an instruction on the defense of mistake of fact. Issue
No. Two is overruled.
           In Issue No. Three, Appellant maintains that counsel for the State utilized
improper jury argument at the guilt-innocence stage of trial. During argument counsel for
the State argued that the date of the offense was “proved,” the fact that the convenience
store was a licensed premises had been “proved,” and that the chain of custody is “totally
locked up.” No objection was made to any of these statements. The failure to object to a
jury argument or to pursue an objection to an adverse ruling forfeits his right to complain
about the argument on appeal. Cockrell v. State, 933 S.W.2d 73, 89 (Tex.Crim.App.
1996). Issue No. Three is overruled.
 

           Having overruled each of Appellant’s issues on review, we affirm the judgment of
the trial court.
 
                                                                  RICHARD BARAJAS, Chief Justice
April 21, 2005

Before Panel No. 2
Barajas, C.J., McClure, and Chew, JJ.

(Do Not Publish)